Hon. David G. Estudillo

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| HEATHER DOREEN BENDICKSON,<br><br>    Plaintiff,<br><br>v.<br><br>VROOM, INC., and ALLY FINANCIAL INC.<br><br>    Defendants. | CASE NO. 3:21-cv-05762-DGE<br><br>**MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS OF DEFENDANTS VROOM, INC. AND ALLY FINANCIAL, INC.**<br><br>NOTE ON MOTION CALENDAR:<br>February 25, 2022 |

### I. INTRODUCTION

Defendants VROOM, INC. ("Vroom") and ALLY FINANCIAL, INC. ("Ally") (collectively, "Defendants"), by and through undersigned counsel, respectfully move this Court for an order compelling arbitration and staying all further proceedings until arbitration has been completed in accordance with the terms of the arbitration agreement entered into by Plaintiff HEATHER BENDICKSON ("Plaintiff") and Defendants pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, et seq.

### II. STATEMENT OF FACTS

On September 5, 2020, Plaintiff signed a Motor Vehicle Retail Installment Sales Contract ("Sales Contract") for the purchase of a 2019 Kia Sportage ("Kia") from Vroom, which Sales Contract was subsequently assigned by Vroom to Ally. The Sales Contract required that Plaintiff sign just below the Agreement to Arbitrate which provides as follows:

MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS - 1
3:21-cv-5762-DGE

Lorber, Greenfield & Polito, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900

> You agree that, pursuant to the Arbitration Provision on page 6 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.[1]

Plaintiff signed directly underneath that provision, thereby attesting that she agreed to the Arbitration Provision.

Page 6 of the Sales Contract contains the full Arbitration Provision and in relevant part provides:

> Any claim or dispute, whether in contract, tort, statute or otherwise (Including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, **which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)** shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. . . **Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.)** and not by any state law concerning arbitration.

(Emphasis added.)

Plaintiff has never disputed the validity of the Sales Contract, nor has she disputed her signatures on the Sales Contract.

A dispute arose between Plaintiff and Defendants arising out of the sale of the Kia and Plaintiff filed suit on September 1, 2021, in Pierce County Superior Court alleging multiple claims, including breach of contract, breach of warranty, negligent misrepresentation, and violations of the Consumer Protection Act.[2] Plaintiff did not make any attempt to arbitrate her disputes prior to the filing of her lawsuit.

Ally removed Plaintiff's Complaint to this Court on October 14, 2021. Vroom filed its Answer on October 21, 2021 and asserted an affirmative defense that this matter should be arbitrated pursuant to the Sales Contract.[3] Ally also filed its Answer on October 21, 2021.[4] Defendants began settlement negotiations with Plaintiff by sending an initial offer on

---

[1] Sales Contract, Exhibit A to Declaration of Ofelia A. Granados.
[2] Complaint for Damages, Exhibit B to Declaration of Ofelia A. Granados.
[3] Answer and Affirmative Defenses, Exhibit C to Declaration of Ofelia A. Granados.
[4] Answer and Affirmative Defenses, Exhibit D to Declaration of Ofelia A. Granados.

MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS - 2
3:21-cv-5762-DGE

LORBER, GREENFIELD & POLITO, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900

October 19, 2021. Plaintiff responded with a demand on November 2, 2021, to which Defendants presented a counteroffer on November 4, 2021. Additional demands and counteroffers have been exchanged since that time, with the most recent demand received on January 16, 2021 with a counteroffer presented by Defendants on January 25, 2022. Negotiations remain ongoing.

### III.   ISSUE PRESENTED

Whether the Court should order the parties to arbitrate its dispute arising out of the sale of the Kia and stay the proceedings until arbitration has been completed.

### IV.   EVIDENCE RELIED UPON

Defendants rely on the Declaration of Ofelia A. Granados, which is filed herewith, and any pleadings filed with the court.

### V.   AUTHORITY AND ARGUMENT

**1.   The Arbitration Provision of The Sales Contract Is Valid and Enforceable.**

A party may petition the court for an order directing that arbitration proceed for the action filed where there is a written agreement to arbitrate. 9 U.S.C.A. § 4. Written arbitration provisions are generally valid, irrevocable, and enforceable. 9 U.S.C.A. § 2. This strong language manifests a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927 (1983); *see also DIRECTV, Inc. v. Imburgia*, 136 S.Ct. 463, 193 L.Ed. 365, 375 (2015) (reaffirming the obligation of all courts to give due regard to the federal policy favoring arbitration). A court should compel arbitration when a moving party proves that there is a contractual agreement to arbitrate and that the claim at issue is arbitrable. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Claims are arbitrable when they are not subject to any legal constraint. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

Federal law reflects a strong public policy favoring arbitration agreements. *See Moses H. Cone*, 460 U.S. at 24-25) (noting that the Federal Arbitration Act [FAA] "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state

MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS - 3
3:21-cv-5762-DGE

LORBER, GREENFIELD & POLITO, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900

substantive or procedural policies to the contrary"). "The principal purpose of the [FAA] is to ensure private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) (quotations omitted). The Supreme Court has recognized that Congress, in enacting the FAA, meant to exercise the full extent of its powers under the commerce clause of the Constitution to ensure that the FAA applies to any arbitration contract involving interstate commerce. *Allied-Bruce Terminix Companies Inc. v. Dobson,* 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).

Thus, courts are directed to "rigorously enforce agreements to arbitrate" according to their terms. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotations omitted) (citation omitted); see *AT&T Mobility LLC*, 563 U.S. at 339. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25. When interpreting arbitration agreements under the FAA, federal courts exercise an overwhelming presumption in favor of arbitration. The FAA places arbitration agreements on equal footing with all other contracts and sets forth a national policy in favor of arbitration. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) ("To overcome judicial resistance to arbitration, Congress enacted the [FAA], Section 2 embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.").

The transaction in this case constituted an interstate credit transaction imbuing it with the necessary interstate character. Ally is a Delaware corporation with its principal place of business in Michigan. Vroom is a Delaware corporation with its principal place of business in New York. Plaintiff is a citizen of Washington. The Sales Contract is governed by Federal and Texas law. Thus, the FAA controls the enforcement of the Arbitration Agreement and arbitrability of Plaintiff's claims. Further, Plaintiff has not disputed that the transaction in question involves interstate commerce within the meaning of the FAA. Thus, the strong federal policy favoring arbitration dictates that the arbitration agreement in this case be enforced.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which

MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS - 4
3:21-cv-5762-DGE

LORBER, GREENFIELD & POLITO, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900

an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original). In deciding whether to compel arbitration, a court's inquiry is generally limited to "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

"In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

The Sales Contract provides that federal law and Texas law "apply to this contract." Under Texas law, the party urging arbitration must show that the arbitration agreement meets all requisite contract elements for a valid and binding contract. *IHS Acquisition No. 131, Inc. v. Iturralde*, 387 S.W.3d 785, 791 (Tex. App. -El Paso, 2012) (citation omitted). Formation of a binding contract requires: "(1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the term; and (5) execution and delivery of the contract with the intent that it be mutual and binding." *IHS*, 387 S.W.3d at 791 (citation omitted). Here, there is no dispute that there is a valid contract between Plaintiff and Defendants and that the claims are within the scope of the Arbitration Provision. The Arbitration Provision requires arbitration for any disputes Plaintiff has with Vroom and Ally (as assignee of the Sales Contract) that arise out of contract, tort, or statute. Plaintiff clearly signed the Arbitration Provision on page 2 of the Sales Contract. Courts have long held that one who signs a contract is "conclusively presumed to know its contents and to assent to them . . .." *Tjart v. Smith Barney, Inc.*, 107 Wash. App. 885, 896, 28 P.3d 823 (2001). Plaintiff is bound to this provision and failed to follow the proper procedure of selecting an arbitrator to hear the claims asserted in her Complaint. The claims asserted by Plaintiff are arbitrable and the court should compel the parties to engage in arbitration pursuant to the contract.

/ / /

**MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS - 5**
3:21-cv-5762-DGE

LORBER, GREENFIELD & POLITO, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900

**2.     A Stay of The Proceedings Is Appropriate in This Case.**

Upon application of one of the parties, the court "shall" stay the proceedings until the arbitration has been conducted in performance with the terms of the agreement, as long as the party seeking the stay is not in default in proceeding with arbitration. 9 U.S.C.A. § 3. "It is axiomatic that the mandatory term 'shall' typically 'creates an obligation impervious to judicial discretion'. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)." The Court is required to stay proceedings if the matter is removed to arbitration and as such, a stay should be granted until the arbitration has been completed.

## VI.     CONCLUSION

Based on the foregoing, this Court should grant Defendants' motion to compel arbitration, order the parties to participate in arbitration with the American Arbitration Association, stay the current proceedings pending the outcome of the arbitration, and grant Defendants such other and further relief as this Court deems appropriate and just.

DATED this 28th day of January 2022.     LORBER, GREENFIELD & POLITO, LLP

By: /s/ Ofelia A. Granados
  Thomas F. Olsen, WSBA # 45159
  Ofelia A. Granados, WSBA #53917
  11900 NE 1st Street, Suite 300
  Bellevue, WA 98005
  Telephone: 206-832-4903
  Email: ogranados@lorberlaw.com
  Attorneys for Defendant VROOM, INC.

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Román D. Hernández
  Román D. Hernández, WSBA #39939
  100 Main Street, Suite 1000
  Portland, Oregon 97204
  Telephone: 503-290-2400
  Email: roman.hernandez@troutman.com
  Attorneys for Defendant
  ALLY FINANCIAL INC.

MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS - 6
3:21-cv-5762-DGE

LORBER, GREENFIELD & POLITO, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, I caused to be served the foregoing **MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS OF DEFENDANTS VROOM, INC. AND ALLY FINANCIAL, INC.** on the following parties by electronic transmission through the CM/ECF system. Upon completion of said transmission of said documents, a receipt is issued to filing party acknowledging receipt by the CM/ECF system. Once CM/ECF has served all designated recipients, proof of electronic service is available to the filing party. I am readily familiar with the business' practice for filing electronically, and the document will be electronically filed that same day in the ordinary course of business following ordinary business practices.

| | |
|---|---|
| Steven C. Hathaway, WSBA #24971<br>LAW OFFICES OF STEVEN C. HATHAWAY<br>3811 Consolidation Avenue<br>Bellingham, WA 98229<br>shathaway@expresslaw.com | **Attorneys for Plaintiff**<br>**HEATHER DOREEN BENDICKSON** |
| Roman D. Hernandez, WSBA #39939<br>TROUTMAN PEPPER HAMILTON SANDERS, LLP<br>100 SW Main Street, Suite 1000<br>Portland, OR  97204<br>Roman.hernandez@troutman.com | **Attorneys for Defendant**<br>**ALLY FINANCIAL, INC.** |

SIGNED this 28th day of January 2022.

/s/ Teri A. Moore
_____
Teri A. Moore, Legal Assistant

**MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS -** 7
3:21-cv-5762-DGE

LORBER, GREENFIELD & POLITO, LLP
11900 NE 1st Street, Suite 300
Bellevue, WA 98005
Telephone (206) 832-4900