UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER DOREEN BENDICKSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>VROOM, INC., and ALLY FINANCIAL, INC.,<br><br>　　　　　　Defendant. | CASE NO. C21-05762-DGE<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (DKT. NO. 39) |

## I       INTRODUCTION

This matter comes before the Court on Defendants' Motion for Reconsideration. (Dkt. No. 39.) Defendants argue they are entitled to relief based on manifest error made in the Court's June 28, 2022 Order Denying Defendants' Motion to Compel Arbitration. (Dkt. No. 36.) For the reasons stated herein, the Court DENIES Defendants' Motion for Reconsideration.

## II       BACKGROUND

The facts identified in the prior Order are incorporated by reference. (*Id*. at 2–7.) Defendants' Motion for Reconsideration asserts that the Court committed manifest error

when it: 1) denied Defendants' Motion to Compel Arbitration, and 2) allowed Plaintiff leave to amend her complaint.

### III     DISCUSSION

**A. Standard of Review**

Local Civil Rule 7(h)(1) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for motions for reconsideration, are intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Mere disagreement with a previous order is an insufficient basis for reconsideration," and "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (citations omitted).

**B. Defendants Fail to Show Manifest Error in the Court's Prior Ruling**

Defendants raise three issues with the Court's June 28, 2022 Order: 1) that "there [was] no dispute regarding the parties to the contract," 2) "the arbitration provisions [at issue were] not conflicting," and 3) reading "the arbitration provisions without an attempt to harmonize" the provisions. (Dkt. No. 39 at 3.)

As to the first issue, Defendants' Motion for Reconsideration now clarifies that Vroom and Texas Auto Direct are the same entity. (*Id.*) This fact was known to Defendants prior to the present Motion but was not previously disclosed. Although now helpful to the Court's

understanding of the parties involved in the agreements, Defendants fail to explain which agreements control the dispute, as discussed in more detail below.

   1. <u>Defendants Fail to Explain Which Arbitration Clauses are Relevant to the Underlying Dispute</u>

Defendants Motion for Reconsideration states that "[t]he Court determined that there was no meeting of the minds on the essential terms of the contract due to 'conflicting' arbitration provisions of the Retail Installment Contract and the Additional Warranties." (Dkt. No. 39 at 4.) This mischaracterizes the issues the Court raised in its Order. The Order stated that "the question raised is whether the arbitration clause contained in the GAP Addendum was to be the governing arbitration provision or whether the arbitration clause contained in the Purchase Agreement/RISC was supposed to govern." (Dkt. No. 36 at 10.) As described below, Defendants' position on this issue appears to have changed over time.

Defendants' Motion to Compel Arbitration stated that the Retail Installment Sales Contract ("RISC") governed the dispute between Plaintiff on the sale of the Kia. (Dkt. No. 19.) Neither the Purchase Agreement nor the GAP Addendum were mentioned in the Motion. (*Id.*) Plaintiff's Response disputed this point alleging that the Purchase Agreement, GAP Addendum, and several additional agreements were part of the sale of the vehicle. (Dkt. No. 23 at 2.)

In their Reply, Defendants changed their argument and stated that "[t]he arbitration provisions in *both* the Sales Contract *and Purchase Agreement* do not conflict in their terms, are not unconscionable, and should be enforced based upon Plaintiff's agreement to those terms and the law requiring the rigorous enforcement to arbitrate." (Dkt. No. 28 at 6) (emphasis added). Defendants also stated that "Plaintiff's reliance on the arbitration provisions in the GAP addendum . . . is misplaced." (*Id*. at 3.) In its June 28, 2022 Order, the Court raised the issue that a clause in the GAP Addendum appeared to amend the RISC and that it was an open

question about whether the GAP Addendum was incorporated into the RISC and Purchase Agreement.  (Dkt. No. 36 at 6, 10.)

Defendants' Motion for Reconsideration fails to clarify how the agreements interact.  Indeed, the Motion itself is contradictory to this point.  *Compare* (Dkt. No. 39 at 6) ("The only provision that pertains specifically to disputes arising out of the sale or purchase of the Kia is the Retail Installment Contract.") *with* (*id.* at 5) ("the causes of action in the Complaint are based on the Purchase Agreement") *and* (*id.* at 6) ("The Court also acknowledged that the GAP Addendum is incorporated into the Retail Installment Contract, which makes the Retail Installment Contract the governing document.")  Without answering this fundamental question, the Court could not, and still cannot, resolve whether the arbitration clauses conflict or attempt to harmonize them.

As the Court made clear in its Order, "[t]here may be an explanation for how these agreements interact with each other, but Defendants have failed to meet their burden of providing an adequate explanation."  (Dkt. No. 36 at 10.)  Defendants' own briefing makes clear that it has not taken a clear stance on the issue.

    2.   The Court Had Authority to Grant Leave to Amend

Defendants also allege the Court erred its Order by allowing Plaintiff leave to amend her Complaint without Plaintiff first moving for leave to amend.  (Dkt. No. 39 at 7–8) (citing Federal Rule of Civil Procedure 15(a)(1)).  Defendants misinterpret Federal Rule of Civil Procedure 15.  Federal Rule of Civil Procedure 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent *or the court's leave*."  (emphasis added).  There is nothing in Federal Rule of Civil Procedure 15 restricting the Court's power to grant leave to amend absent a formal motion for leave to amend.  Plaintiff raised new allegations in the

1   Response to the Motion to Compel, which the Court interpreted as a request to amend the

2   allegations in the original Complaint.  (*See* Dkt. No. 36 at 12.)  Thus, Defendants' Motion for

3   Reconsideration is DENIED.

4         Given the above, the Court denies Defendants' Motion for Reconsideration.  Moreover,

5   Plaintiff has filed an Amended Complaint (*see* Dkt. No. 40), which now supersedes the original

6   Complaint.  Thus, Defendants are not prohibited from reviewing the Amended Complaint and

7   possibly renewing their motion with new citations to fact or law based on the additional facts

8   alleged.

### IV    CONCLUSION

10        Accordingly, and having considered Defendants' motion, the briefing of the parties, and

11  the remainder of the record, the Court finds and ORDERS that Defendants' Motion for

12  Reconsideration is DENIED.

13        Dated this 22nd day of July 2022.

David G. Estudillo
United States District Judge